**CONSOLE LAW OFFICES LLC**
**Stephen G. Console (3926)**
**Laura C. Mattiacci (3082)**
**1525 Locust Street, 9th Floor**
**Philadelphia, PA 19102**
**(856) 854-4000**
**(856) 854-4006 (fax)**
**(215) 545-7676 (Philadelphia office)**

**MAGER & GOLDSTEIN LLP**
**Carol A. Mager***
**Marjory P. Albee***
**Andrew L. Mackerer (02900-2005)**
**1818 Market Street, Suite 3710**
**Philadelphia, PA  19103**
**(215)  640-3280**
**(215)  640-3281 (Fax)**
(* Motion for Admission Pro Hac Vice pending)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TRACY KRONICK and | : | CIVIL ACTION NO. |
| JEN KACZMARSKI, | : | |
| on behalf of themselves and | : | |
| those similarly situated, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | COMPLAINT- CLASS AND |
| bebe stores, inc., | : | COLLECTIVE ACTION FOR |
| | : | VIOLATIONS OF FAIR LABOR |
| Defendant. | : | STANDARDS ACT AND STATE WAGE |
| | : | AND HOUR LAWS |

## PRELIMINARY STATEMENT

1.     Plaintiffs, Tracy Kronick and Jen Kaczmarski, on behalf of themselves and

all other similarly situated employees bring this action against bebe stores, inc.

Plaintiffs and those similarly situated worked in Defendant's retail stores located

throughout the United States and Puerto Rico as Defendant's non-exempt retail store

managers, acting store managers, store co-managers and sales leaders.  At all relevant times, Defendant willfully failed to pay Plaintiffs and those similarly situated for all time worked, including overtime compensation, in violation of various provisions of the Fair Labor Standards Act, the New Jersey Wage and Hour and Wage Payment  laws and common law.  Plaintiffs seek to prosecute these claims on behalf of a nationwide class as a representative action pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ["FLSA"].  Plaintiffs seek to prosecute additional claims on behalf of a class of New Jersey employees pursuant to Fed. R. Civ. P. 23 for violations of the New Jersey Wage and Hour and Wage Payment laws and regulations and common law.  Additionally, Plaintiffs bring individual claims arising out of retaliatory termination and for failure to pay earned compensation.

2.      Plaintiffs allege on behalf of themselves and all similarly situated persons that bebe stores, inc. ["bebe"] has willfully engaged in a pattern and practice of unlawful conduct by failing to compensate the Plaintiffs and members of the classes described below for all of the time bebe required or permitted such employees to perform work, including overtime.

3.      Defendant's practices are in direct violation of the FLSA, 29 U.S.C. §201, *et seq.,* the New Jersey Wage and Hour and Wage Payment laws and regulations  and common law.  Plaintiffs seek injunctive and declaratory relief, compensation and credit for all unrecorded and uncompensated work required or permitted by bebe, liquidated and/or other damages as permitted by law, and attorneys' fees and costs.

4.      In addition, Plaintiff Tracy Kronick brings this action pursuant to FLSA §215(a)(3), N.J.S.A. 34:19-1 et seq., and N.J.A.C. 12:56-1.7 and common law on her

own behalf for unlawful termination of her employment in retaliation for complaining about Defendant's FLSA and New Jersey Wage Payment law violations.

5.     In addition, Plaintiff Jen Kaczmarski brings this action under common law on her own behalf for Defendant's failure to pay an earned and promised bonus.

## PARTIES

6.     Plaintiff, Tracy Kronick, resides at 1712 Hawkins Drive, Southampton, Pennsylvania and was employed by Defendant as a store manager for Defendant's retail store located in Cherry Hill, New Jersey from February 19, 2007 to June 23, 2007, when she was unlawfully terminated for complaining about and refusing to participate in Defendant's policy and practice of falsifying time records and violating the overtime requirements of FLSA, common law and NJ state law.

7.     Plaintiff, Jen Kaczmarski, resides at 404 East Collings Drive, Williamstown, New Jersey and was employed by Defendant as a store co-manager and acting store manager for Defendant's retail stores located in the Pier at Caesars, Atlantic City, New Jersey and the Cherry Hill Mall, New Jersey from October 21, 2006 to June 6, 2007.  Plaintiff was hired to work at the Pier at Caesars bebe store but began her employment with Defendant at the Cherry Hill Mall location until the first week in January 2007 when she transferred to the Pier at Ceasars location.

8.     Defendant, bebe stores, inc. ["bebe"] is a California corporation with corporate offices located in Brisbane, California.  Defendant is an enterprise engaged in interstate commerce, and owns and operates numerous retail stores nationwide, including stores throughout New Jersey.  Defendant's annual gross sales from its retail stores are in excess of $500,000.

9.      At all relevant times, Defendant has been and continues to be an employer within the meaning of the FLSA, 29 U.S.C. §203 (d) and the wage and hour and wage payment laws of New Jersey.

10.     At all relevant times Defendant has employed employees, including the Plaintiffs and members of the classes described below, as such terms are used within the meaning of the <u>FLSA, 29 U.S.C. §201</u>, *et seq.* and the wage and hour and wage payment laws of New Jersey.

11.     At all relevant times, Plaintiffs and similarly situated store managers, acting store managers, store co-managers and/or sales leaders ["Store Managers and Sales Leaders"] are or were employees of Defendant as defined by FLSA, and the New Jersey wage and hour and wage payment laws, and as such are or were engaged in commerce or employed by an enterprise engaged in commerce, as defined by the FLSA, 29 U. S. C. §203 (e).

## JURISDICTION AND VENUE

12.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

13.     The Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer…in any Federal or State court of competent jurisdiction." <u>Id</u>.

14.     The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

15.     The Court has jurisdiction over this action under the Class Action Fairness Act [CAFA] pursuant to 28 U.S.C. §1367 because the amount in controversy exceeds five million dollars.

16.     The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

17.     This Court has personal jurisdiction because Defendant operates retail stores and conducts business in this District.

18.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant resides in this District, owns and operates retail establishments and does business here, and may be found in this District.

**FACTUAL ALLEGATIONS**

19.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though they are set forth again.

20.     Plaintiffs and similarly situated Store Managers and Sales Leaders were not exempted from the overtime pay requirements of the FLSA.

21.     It is the policy of Defendant that Store Managers and Sales Leaders must clock-in through the Kronos payroll management system when they begin work and clock-out through the system when they end work.

22.     The time that is clocked-in and clocked-out is recorded on a Kronos time payroll management system and, upon information and belief, is accurate to the minute.

23.     At the end of the work week Sunday to Saturday, the Kronos payroll management system computes a gross total of the time each employee worked.

24.     Plaintiff Tracy Kronick was hired by Defendant's Regional Manager Jen Malle on or about February 19, 2007, in the position of store manager.

25.     Plaintiff Jen Kaczmarski was hired by Defendant's Regional Manger Jen Malle on or about October 21, 2006, in the position of co-manager.

26.     Plaintiff Tracy Kronick received training for her position of store manager from on or about February 22, 2007 through on or about March 11, 2007, at Defendant's location in King of Prussia, Pennsylvania.

27.     During training, Plaintiff Tracy Kronick was informed by her trainer, Nicole Kimmel, that it is Defendant's policy to require the store manager to "shave" (i.e., delete) all hours recorded in the Kronos system that any employee worked in excess of forty (40) hours in a work week ("Shaving Policy").

28.     Plaintiff was told that in accordance with Defendant's Shaving Policy, as store manager, she should log into the Kronos system at the end of the week and "shave" from each employee's time record all hours over forty (40) hours by literally deleting the total hours shown and replacing the total with "40."

29.     Plaintiff Tracy Kronick was told that in accordance with Defendant's Shaving Policy, she was not permitted to pay employees for those hours the employee worked which were "shaved" from the total at the end of the week.

30.     Plaintiff Jen Kaczmarski was told by Jen Malle, District Manager for Defendant, that on Sunday mornings she, or any manager who opened the store, was required to shave from each employee's time record all work hours recorded in excess of 40, except on rare occasions when overtime was officially permitted to be recorded.

31.     Plaintiffs and similarly situated Store Managers and Sales Leaders were regularly required or permitted to work in excess of 40 hours in a work week.

32.      The operations of the bebe retail stores, and the wages and compensation of its Store Managers and Sales Leaders at each of its retail locations are substantially similar, if not identical.

33.     While employed by Defendant, Plaintiffs and similarly situated Store Managers and Sales Leaders of Defendant were not compensated for work performed in excess of 40 hours per week, pursuant to Defendant's Shaving Policy.

34.     In addition, while employed by Defendant, Plaintiffs and similarly situated Store Managers and Sales Leaders of Defendant were required to work "off the clock" during meal breaks, by sign out using the electronic Kronos payroll system at the store at the required time for a meal break, continuing to work within the bebe store during the meal break, and than signing back in using the Kronos payroll system.

35.     In addition, while employed by Defendant, Plaintiffs and similarly situated Store Managers and Sales Leaders of Defendant were required to recruit for employees for bebe stores outside of their 40 hour work week.  Defendant did not pay Plaintiffs and similarly situated Store Managers and Sales Leaders of Defendant for their work recruiting new employees.

36.     In addition, while employed by Defendant, Plaintiffs and similarly situated Store Managers and Sales Leaders of Defendant were required to compile customer lists, solicit for attendance at store function such as "trunk shows" and stay late to prepare the store for corporate visits, outside of their 40 hour work week.  Defendant did not pay Plaintiffs and similarly situated Store Managers and Sales Leaders for their work.

37.     In addition, while employed by Defendant, Plaintiffs and similarly situated Store Managers and Sales Leaders of Defendant were required to clock out of the Kronos payroll system for store cleanups for corporate visits.  Plaintiffs and similarly

situated Store Managers and Sales Leaders were required to clean up the store off the clock without pay for their time.

38.     At all relevant times, bebe Store Managers and Sales Leaders accrue vacation time based on an accrual schedule of every forty hours accrues 2.9 hours of vacation (4 weeks a year).  By falsely manipulating their time records and by requiring or permitting them to work off the clock, bebe deprived Plaintiffs and similarly situated Store Managers and Sales Leaders of accrued vacation entitlement as a result of not crediting them for actual hours worked.

39.     The Plaintiffs and members of the classes do not receive credit for, and are not compensated for, any of this extra, unpaid work performed for the benefit of bebe.  bebe does not record, report or maintain records of such unpaid work performed by the Plaintiffs and members of the classes.

40.     Defendant knew and was aware at all times that its Store Managers and Sales Leaders were not paid for all hours worked and that they regularly worked more than 40 hours in a workweek without overtime compensation.

41.     As a result of bebe's corporate policies, bebe's unlawful conduct has been widespread, repeated and consistent at each of its retail locations.  bebe's corporate management knows that bebe employees, including the Plaintiffs and members of the classes, perform work for bebe, which bebe does not record, and for which bebe does not maintain accurate records or compensate such employees.  bebe knew or should have known that its management personnel permit or require the Plaintiffs and members of the classes to perform work which is for the benefit of bebe and which is integral to bebe's operations without recording time or by altering time records.

42.     Plaintiff Jen Kaczmarski began working as an acting store manager at Atlantic City when her manager at Defendant's Atlantic City location went on maternity leave on or about March 26, 2007.  Plaintiff Jen Kaczmarski was never given an increase in compensation as promised as a result of her promotion.

43.     Plaintiff, Jen Kaczmarski voluntarily terminated her employment with Defendant, effective on or about June 5, 2007, after giving Defendant two weeks notice on or about May 22, 2004.

44.     At all relevant times during their employment, as part of their employee compensation package, Plaintiffs were participants in Defendant's non-discretionary bonus plan under which they were entitled to a monthly bonus based upon the achievement of specific monthly sales figures designated in advance by Defendant.

45.      During the month of May, 2007, Plaintiff Jen Kaczmarski achieved her sales figures as set by Defendant, and thereby earned her bonus for the month of May, 2007.

46.     Defendant has willfully failed and refused to pay Plaintiff Kaczmarski the non-discretionary May, 2007 bonus that she earned for services rendered during the month of May, 2007.

47.     Plaintiff Tracy Kronick began working regular full-time hours as a store manager on or about March 12, 2007 at Defendant's Cherry Hill, New Jersey location.

48.     Plaintiff Tracy Kronick's supervisor from on or about March 12, 2007 until her termination, on or about June 23, 2007, was Jennifer Malle, District Manager.

49.  In or about late March, 2007, Plaintiff Tracy Kronick told Ms. Malle that she did not feel comfortable with the Shaving Policy and that she believed this practice was illegal.

50.  Ms. Malle reacted with hostility toward Plaintiff Tracy Kronick and told her that shaving hours was part of her job as store manager.

51.  On or about April 6, 2007, Plaintiff Tracy Kronick called Michele Perna, Human Resources to complain about Defendant's Shaving Policy relaying, among other things, that she believed the practice was illegal.

52.  After Plaintiff complained about Defendant's Shaving Policy, Ms. Malle retaliated against Plaintiff Tracy Kronick, which conduct included but was not limited to:

a)  issuing Plaintiff a performance write-up for not shaving six (6) hours off one of her manager's time;

b)  issuing Plaintiff a performance write-up for an unsubstantiated, improper store closing;

c)  yelling at Plaintiff;

d)  ridiculing Plaintiff in front of other employees;

e)  making unreasonable work demands on Plaintiff;

f)  causing Plaintiff to fear for her safety;

g)  telling Plaintiffs that she was going to make Plaintiff's life a "living hell;"

h)  criticizing Plaintiff for not recruiting enough "off the clock;" and,

i)  forcing Plaintiff to work double shifts.

53. On or about May 16, 2007, Plaintiff Tracy Kronick contacted Charles Smith, Senior Director of Compensation, via email again complaining about Defendant's Shaving Policy and sent him a detailed outline of her concerns of illegal conduct and retaliation.

54. On or about May 23, 2007, Ms. Mackay responded to Plaintiff Tracy Kronick's May 16th email to Mr. Smith (at his direction) at which time Plaintiff Tracy Kronick relayed to Ms. Mackay her complaints of illegal conduct regarding Defendant's Shaving Policy and her complaints of retaliation.

55. Ms. Mackay placed Plaintiff on paid leave from June 20, 2007 until June 24, 2007 so that she could investigate Plaintiff Tracy Kronick's complaints.

56. On Saturday, June 23, 2007, the day before Plaintiff was scheduled to return to work, Ms. Mackay called Plaintiff Tracy Kronick and told her that "legal" reviewed her personnel file and that "due to performance issues" she was terminated effective immediately.

57. The conduct of bebe, as set forth above, has been willful and in bad faith, and has caused significant damages to the Plaintiffs and members of the classes.

## COUNT I

**ON BEHALF OF PLAINTIFFS, TRACY KRONICK, JEN KACZMARSKI AND ALL THOSE SIMILARLY SITUATED**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *et seq.***
**UNPAID WAGES/OVERTIME**

58. The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendant who work or have worked in Defendant's retail stores located throughout the United States or Puerto Rico [the "Nationwide Class", as more fully defined below],

re-allege and incorporate by reference all preceding paragraphs as if they were set forth again.

59.      At all relevant times, bebe has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203.  At all relevant times, bebe has employed, and continues to employ, "employee[s]," including each of the members of the Nationwide Class that have been, and continue to be, engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA 29 U.S.C. §203.  At all relevant times, bebe has had gross operating revenues in excess of Five Hundred Thousand ($500,000) Dollars.

60.      Plaintiffs and similarly situated Store Managers and Sales Leaders were not exempted from the overtime pay requirements of the FLSA.

61.      During their employment with Defendant, Plaintiffs and similarly situated Store Managers and Sales Leaders of Defendant were required or permitted to and did regularly perform work in excess of 40 hours in a work week for which they were not compensated pursuant to the FLSA.

62.      At all relevant times, bebe has engaged, and continues to engage, in an intentional and willful policy, pattern, or practice of requiring or permitting its employees, including members of the Nationwide Class, to perform work in excess of 40 hours in a workweek, and illegally shaving time records to delete recorded time worked in excess of 40 hours per workweek without compensating such employees for all work performed at the applicable overtime rate for work in excess of forty hours in a workweek.

12

63.    At all relevant times, the work performed by bebe's non-exempt hourly employees, including members of the Nationwide Class, was, and continues to be, required or permitted by bebe for the benefit of bebe, directly related to such employee's principle employment with bebe, and as an integral and indispensable part of such employee's employment for bebe.

64.    As a result of bebe's willful failure to compensate its employees, including members of the Nationwide Class, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, bebe has violated, and continues to violate, the overtime pay provisions of the FLSA, 29 U.S.C. §207(a)(1) and §215(a).

65.    Defendant also willfully failed to maintain accurate records for each member of the Nationwide Class of their hours actually worked, as required by law. See 29 U.S.C. 211(c); CFR § 516.2(a)(7).  Defendant willfully failed to accurately record actual hours worked by its Store Managers and Sales Leaders to avoid paying them overtime, through the following practices: 1) training and directing store managers to change employees time records to falsely reflect a maximum of 40 hours of work time per workweek when any such employee actually records time worked in excess of 40 hours per workweek; and 2) failing and refusing to properly record time spent "off the clock" on recruitment and other activities for the benefit of Defendant.

66.    As a result of bebe's willful failure to accurately record, report, credit and/or compensate its non-exempt hourly employees, including Plaintiffs and the members of the Nationwide Class, bebe has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and

other conditions and practices of employment in violation of the FLSA, including 29

U.S.C. §211(c) and §215(a).

67.     Defendant knew or showed reckless disregard for the fact that its failure to

pay its Store Managers and Sales Leaders overtime compensation was in violation of

the FLSA.

68.     Defendant's actions were not in good faith.

69.     The foregoing conduct, as alleged, violates the FLSA, 29 U.S.C. §§201 *et.*

*seq.*

70.     The Plaintiffs, on behalf of themselves and members of the Nationwide

Class, seek damages in the amount of their respective unpaid overtime compensation,

plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), interest and

such other legal and equitable relief as the Court deems just and proper.

71.     The Plaintiffs, on behalf of themselves and members of the Nationwide

Class, seek recovery of their attorneys' fees and costs of action to be paid by bebe, as

provided by the FLSA, 29 U.S.C. §216(b).

### COUNT II

### ON BEHALF OF PLAINTIFF, TRACY KRONICK
### FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *et seq.*
### <u>RETALIATION</u>

72.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs

as if they were set forth again.

73.     Section 215(a)(3) of the FLSA provides that it is unlawful "to discharge or

in any other manner discriminate against any employee because such employee has

filed any complaint or instituted or caused to be instituted any proceeding under or

related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

74.     Because Plaintiff complained about and refused to participate in Defendant's unlawful violations of the FLSA, Defendant willfully engaged in discriminatory conduct toward Plaintiff, including but not limited to:

a)     issuing Plaintiff a performance write-up for not shaving six (6) hours off one of her manager's time;

b)     issuing Plaintiff a performance write-up for an unsubstantiated, improper store closing;

c)     yelling at Plaintiff;

d)     ridiculing Plaintiff in front of other employees;

e)     making unreasonable work demands on Plaintiff;

f)     causing Plaintiff to fear for her safety;

g)     telling Plaintiff that she was going to make Plaintiffs' life a "living hell;"

h)     criticizing Plaintiff for not recruiting enough "off the clock;"

i)     forcing Plaintiff to work double shifts; and

j)     terminating Plaintiff's employment.

75.     The foregoing actions of Defendant violated 29 U.S.C. 215(a)(3).

76.     Defendant's actions were willful and not in good faith.

77.     Defendant is liable to Plaintiff, Tracy Kronick, for legal and equitable relief, including without limitation, actual and compensatory damages, employment, reinstatement, promotion, liquidated damages, interest, punitive damages as well as her attorneys' fees, costs and expenses.

## COUNT III

**ON BEHALF OF PLAINTIFFS, TRACY KRONICK AND JEN KACZMARSKI AND ALL
THOSE SIMILARLY SITUATED
NEW JERSEY WAGE AND HOUR LAW
N.J.S.A. 34:11-56a, *et. seq.* and N.J.A.C 12:56.5.1 *et seq.***

78.     Plaintiffs, on behalf of themselves and all similarly situated employees

who have worked or will work out of one of bebe's New Jersey retail stores (the "New

Jersey Class", as more fully defined below), re-allege and incorporate by reference all

preceding paragraphs as if they were set forth again.

79.     At all relevant times, bebe has been and continues to be an "employer"

within the meaning of the New Jersey Wage and Hour Law, N.J.S.A., 34:11-56a(1).  At

all relevant times, bebe employed and continues to employ employees, including

Plaintiffs and each of the New Jersey Class members, within the meaning of New

Jersey Wage and Hour Law N.J.S.A., 34:11-56a(1).

80.     Plaintiffs and the New Jersey Class members are usually scheduled to

receive forty hours of paid work per week, and although they regularly complete more

than forty hours of work per week, they are only credited and paid for forty hours of work

per week.  Plaintiffs and the New Jersey Class members do not receive credit or

compensation for work performed "off the clock" or for work performed in excess of forty

hours per week that are "shaved" from the employee's time records pursuant to

Defendant's illegal Shaving Policy, and they do not receive compensation at time and

one-half for such overtime work performed.

81.     As a result of bebe's failure to pay, and decision to withhold, wages

earned and due to its non-exempt current and former hourly employees in the State of

New Jersey, including Plaintiffs and the New Jersey Class members, for all work

performed or labor or services rendered, at the regularly hourly wage rate or the applicable overtime rate for work over forty hours in a week, bebe has violated and continues to violate the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56 *et seq.*, and the regulations promulgated thereunder.

82.     Plaintiffs and the New Jersey Class are entitled, under N.J.A.C. 12:56.5.1 *et seq.* to be paid by Defendant for all hours worked.  Defendant violated N.J.A.C. 12:56.5.1 *et seq.* by failing to pay Plaintiffs and the New Jersey Class for all hours worked.

83.     Plaintiffs and the New Jersey Class are entitled, under N.J.A.C 12:56.5.2, to have all the time the employee is required to be at work or on duty for the Defendant counted as hours worked.  Defendants violated N.J.A.C 12:56.5.2 *et seq.* by failing to pay Plaintiffs and the New Jersey Class for all of the time that they were required to be at Defendants store or on duty working for Defendant.

84.     As a result of bebe's willful failure to record, report, credit and furnish to each of its Store Managers and Sales Leaders in the State of New Jersey, including Plaintiffs and the New Jersey Class members, their respective wage and hour records showing all wages earned and due for all work performed for labor or services rendered, bebe has violated and continues to violate the New Jersey Wage and Hour Law, N.J.S.A.*, 34:11-56a *et seq.* and applicable Regulations promulgated thereunder.

85.     The foregoing conduct of Defendant, as alleged, violates the New Jersey Wage and Hour Law, N.J.S.A., 34:11-56a, *et seq.* and N.J. A.C. 12:56.5.1 *et. seq.*  The Plaintiffs bring this action on behalf of themselves and other employees similarly situated pursuant to N.J.S.A. 34:11-56a.25.

17

86. Plaintiffs, on behalf of themselves and all New Jersey Class members, seek compensatory damages in the amount of their respective unpaid wages earned and due at the regularly hourly wage rate and the applicable overtime rate for work over forty hours in the workweek, interest, punitive damages, the recovery of their attorneys' fees and costs of suit to be paid by bebe as provided by N.J.S.A., 34:11-56a 25 plus such other legal and equitable relief as the Court deems just and proper.

**COUNT IV**
**ON BEHALF OF PLAINTIFFS, TRACY KRONICK AND JEN KACZMARSKI AND ALL**
**THOSE SIMILARLY SITUATED**
**NEW JERSEY WAGE PAYMENT LAW**
**N.J.S.A. 34:11-4.1 et seq.**

87. Plaintiffs, on behalf of themselves and those similarly situated, re-allege and incorporate by reference all preceding paragraphs.

88. At all relevant times, bebe has been and continues to be an "employer" within the meaning of the New Jersey Wage Payment Law ("WPL"), N.J.S.A. 34:11-4.1.

89. At all relevant times, bebe employed and continues to employ employees, including Plaintiffs and each of the New Jersey Class members, within the meaning of New Jersey WPL, N.J.S.A. 34:11-4.

90. Defendant withholds and diverts wages owed to its employees for work performed "off the clock" and for work performed in excess of forty hours per week that are "shaved" from the employees' time records pursuant to Defendant's illegal Shaving Policy.

91. As a result of bebe's failure to pay, and decision to withhold and divert, wages earned and due to its Store Managers and Sales Leaders in the State of New Jersey, including Plaintiffs and the New Jersey Class members, for all work performed

18

or labor or services rendered, at the regularly hourly wage rate or the applicable overtime rate for work over forty hours in a week, bebe has violated and continues to violate the New Jersey WPL, N.J.S.A. 34:11-4.1 *et seq.*, and the regulations promulgated thereunder.

92.    Plaintiffs, on behalf of themselves and all New Jersey Class members, seek compensatory damages in the amount of their respective unpaid wages earned and due at the regularly hourly wage rate and the applicable overtime rate for work over forty hours in the workweek, interest, punitive damages, their attorney fees and costs to be paid by bebe, plus such other legal and equitable relief as the Court deems just and proper.

**COUNT V**

**ON BEHALF OF PLAINTIFFS, TRACY KRONICK AND JEN KACZMARSKI AND ALL THOSE SIMILARLY SITUATED**
**BREACH OF AN IMPLIED IN FACT CONTRACT REGARDING MISSED REST OR MEAL BREAKS AND OFF THE CLOCK WORK**

93.    Plaintiffs, on behalf of themselves and those similarly situated, re-allege and incorporate by reference all preceding paragraphs.

94.    Defendant's employees, including Plaintiffs and the New Jersey Class, were promised rest and meal breaks pursuant to an implied in fact contract with Defendant.

95.    Defendant's employees, including Plaintiffs and the New Jersey Class, were promised payment for all work performed for Defendant in accordance with applicable wage and hour laws, pursuant to an implied in fact contract with Defendant.

96.    Defendant's employees, including Plaintiffs and the New Jersey Class, were promised paid vacation and other benefits based upon earned service credit.

97.     Defendant breached its implied in fact contract with Plaintiffs and the New Jersey Class members by requiring or permitting them to work off the clock during unpaid rest and meal breaks without compensation and without pay for all work performed and without proper service credit.

98.     Plaintiffs and the New Jersey Class members suffered damages as a result of Defendant's breach of implied in fact contract, including but not limited to deprivation of rest and meal time, failure to be properly paid for all time worked and deprivation of service credit toward vacation time and other benefits of employment.

99.     Plaintiffs seek compensatory damages, and all other remedies allowed by law, on behalf of themselves and all New Jersey Class members for Defendant's breach of implied in fact contract.

## COUNT VI

**ON BEHALF OF PLAINTIFFS, TRACY KRONICK AND TRACY KACZMARSKI AND ALL THOSE SIMILARLY SITUATED**
**BREACH OF UNILATERAL CONTRACT REGARDING MISSED REST OR MEAL BREAKS AND OFF THE CLOCK WORK**

100.     Plaintiffs, on behalf of themselves and those similarly situated, re-allege and incorporate by reference all preceding paragraphs.

101.     Defendant's employee hand book outlined responsibilities of Plaintiffs and Defendant.

102.     Pursuant to Defendant's employee hand book, Defendant promised to provide its employees, including Plaintiffs and the New Jersey Class members, with rest and meal breaks.

103.     Pursuant to Defendant's employee hand book, Defendant promised to provide its employees, including Plaintiffs and the New Jersey Class members, with

compensation and benefits for all work performed, including overtime in accordance
with applicable law.

104.    Pursuant to Defendant's employee hand book, Defendant promised to
provide its employees, including Plaintiffs and the New Jersey Class members, paid
vacation time and other benefits of employment based upon service credit.

105.    Defendant breached its unilateral contract with Plaintiffs and the New
Jersey Class members that were embodied in the employee hand book by: 1) depriving
them of rest and meal breaks and instead requiring them to work during rest and meal
breaks without payment; 2) by requiring or permitting them to work off the clock without
compensation; and 3) by depriving them of earned service credit toward vacation and
other benefits of employment.

106.    At all relevant times, Plaintiffs and the New Jersey Class members acted
in accordance with the employee hand book yet Defendant did not in failing to honor
rest and meal breaks, failing to pay them for all time worked, and depriving them of
earned service credit toward vacation and other benefits of employment, as promised in
the employee hand book.

107.    Defendant is responsible to Plaintiffs and the New Jersey Class for
payment for time spent working during rest and meal breaks for which they were not
paid, other time worked for which no compensation was paid, and earned vacation and
other benefits of employment, the accrual of which is based upon service credit, as
provided in the employee hand book.

## COUNT VII

**ON BEHALF OF PLAINTIFFS, TRACY KRONICK AND TRACY KACZMARSKI AND
ALL THOSE SIMILARLY SITUATED
BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

108.    Plaintiffs, on behalf of themselves and those similarly situated, re-allege
and incorporate by reference all preceding paragraphs.

109.    Defendants are required to adhere to community standards of decency,
fairness or reasonableness which are components of every contract.

110.    Defendant acted with bad motive and intention to deprive Plaintiffs and the
New Jersey Class members of their right to receive compensation from Defendant for
their work.

111.    Defendant's conduct was in breach of its covenant of good faith and fair
dealing with Plaintiffs and the New Jersey Class members.

112.    Plaintiffs and the New Jersey Class members sustained damages as a
result of Defendant's breach of its covenant of good faith and fair dealing.

113.    Plaintiffs and the New Jersey Class are entitled to compensatory damages
and such other legal and equitable relief as permitted by law.

## COUNT VIII

**ON BEHALF OF PLAINTIFFS, TRACY KRONICK AND TRACY KACZMARSKI AND
ALL THOSE SIMILARLY SITUATED
UNJUST ENRICHMENT**

114.    Plaintiffs, on behalf of themselves and those similarly situated, re-allege
and incorporate by reference all preceding paragraphs.

115.    Defendants has received a benefit from Plaintiffs and the New Jersey
Class members by requiring or permitting them to perform work off the clock without

pay, shaving their time records, failing to pay them overtime for all time worked in excess of 40 hours per week and depriving them of earned service credit toward vacation and other benefits of employment.

116.   The retention of that benefit by Defendant without payment is inequitable and Defendant has been unjustly enriched thereby.

117.   Plaintiffs and the New Jersey Class members are entitled to receive payment for all hours worked as required by law.

118.   Defendant should be required to make restitution to Plaintiffs and the New Jersey Class in the amount defendant has benefited from their unpaid work.

119.   Plaintiffs and the New Jersey Class are entitled to disgorge Defendants of the unjustly obtained benefits.

## COUNT IX

### ON BEHALF OF PLAINTIFF, JEN KACZMARSKI
### BREACH OF CONTRACT FOR FAILURE TO PAY EARNED BONUS

120.   Plaintiff, Jen Kazcmarski re-alleges and incorporates by reference all preceding paragraphs.

121.   During her employment with Defendant, Plaintiff, Jen Kaczmarski was a participant in Defendant's non-discretionary bonus plan under which she was to be awarded a monthly bonus contingent on achieving a targeted sales goal established by Defendant.

122.   Plaintiff achieved her targeted goal for May, 2007 and thereby expected and was entitled to her bonus for May, 2007, as promised by Defendant.

123.   Defendant has failed and refused to pay Plaintiff the May, 2007 bonus to which she is entitled.

124.    Defendant's failure and refusal to pay Plaintiff her May, 2007 bonus to which she is entitled constitutes a breach of contract, for which Plaintiff seeks compensatory damages and such other legal and equitable relief as permitted by law.

## COUNT X

### ON BEHALF OF PLAINTIFF, TRACY KRONICK
### VIOLATION OF N.J.S.A. 34:19, *et seq*

125.    Plaintiff, Tracy Kronick, re-alleges and incorporates by reference all preceding paragraphs.

126.    This count arises from Defendant's violation of the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19, *et seq.*, which prohibits an employer from retaliating against an employee for complaining about conduct of the employer which the employee reasonably believes is illegal.

127.    At all relevant times, Plaintiff Tracy Kronick had a reasonable belief that the Defendant's Shaving Policy, and the retaliation she suffered after complaining about the same, was a violation of either a law, rule, regulation, or public policy.

128.    Plaintiff Tracy Kronick performed a whistle blowing activity by reporting the Shaving Policy and related retaliation to members of Defendant's upper management, including but not limited to:  Ms. Malle, Ms. Mackay and Mr. Smith.

129.    After Plaintiff Tracy Kronick complained about the Shaving Policy and the related retaliation to members of Defendant's upper management, an adverse employment action was taken against her; namely, she was terminated.

130.    A causal connection exists between Plaintiff's whistle-blowing activity and her termination.

131.    Plaintiff is entitled to recover damages for Defendant's violation of CEPA.

## COUNT XI

### ON BEHALF OF PLAINTIFF, TRACY KRONICK
### VIOLATION OF N.J.A.C. 12:56-1.7

132.    Plaintiff, Tracy Kronick, realleges and incorporates by reference all preceding paragraphs.

133.    This count arises from Defendant's violation of the New Jersey Administrative Code, 12:56-1.7 ("NJAC Chapter 56"), which prohibits an employer from terminating or discriminating against an employee because that employee made a complaint to her employer that she has not been paid wages in accordance with NJAC Chapter 56 or because such employee has caused to be instituted or is about to cause to be instituted any proceeding under or related to NJAC Chapter 56.

134.    At all relevant times, Plaintiff believed that the Defendant did not pay her wages in accordance with NJAC Chapter 56.

135.    Plaintiff complained to Ms. Malle, Ms. Mackay and Mr. Smith that she believed she was not being paid by Defendant in accordance with NJAC Chapter 56.

136.    Plaintiff caused to be instituted or was about to cause to be instituted a proceeding under or related to NJAC Chapter 56.

137.    Because Plaintiff complained to Ms. Malle, Ms. Mackay and Mr. Smith that she believed she was not being paid by Defendant in accordance with NJAC Chapter 56 and/or because Plaintiff caused to be instituted or was about to cause to be instituted a proceeding under or related to NJAC Chapter 56 she was retaliated against and terminated.

25

138.    Plaintiff is entitled to recover all wages lost as a result of her termination as well as any other recovery available under the law.

## COUNT XII

### ON BEHALF OF PLAINTIFF, TRACY KRONICK
### WRONGFUL TERMINATION

139.    Plaintiffs hereby re-allege and incorporate the foregoing paragraphs of this Complaint.

140.    Plaintiff was wrongfully terminated by Defendant in violation of public policy.

141.    Plaintiff sustained the harm alleged herein as a result of Defendant's wrongful termination of her.

142.    Plaintiff is entitled to recover all wages lost as a result of her wrongful termination as well as any other recovery available under the law.

## <u>CLASS REPRESENTATIVE ALLEGATIONS</u>

**Count I:  Collective Action Pursuant to 29 U.S.C. §216(b):**

143.    Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to §16(b) of FLSA, 29 U.S.C. §216(b).

144.    Count I of this Action is brought on behalf of the following class (the "Nationwide Class") for purposes of the collective action provisions set forth in 29 U.S.C. §216(b) of the FLSA:

> All individuals who are, were, or will be employed by the Defendant in any bebe store within the United States or Puerto Rico at any time from September 20, 2004 to the date of judgment of this matter in any of the following positions: store manager; acting store manager; store co-manager; and/or sales leader.

145.    Count I of this action is properly brought and maintained as an "opt-in" collective action because Plaintiffs and the collective action members they seek to represent (the Nationwide Class) have all been subject to Defendant's centralized, uniform, longstanding and widespread policy and practice of denying its store managers, acting store managers, store co-managers and sales leaders compensation for time worked and overtime compensation, which policy and practice is designed to minimize labor costs.  Plaintiffs and the collective action members they seeks to represent (the Nationwide Class) are similarly situated in that they have or had substantially similar job responsibilities and pay structures and have been subject to the same uniform, centralized policies, manuals, guidelines, training programs and operational procedures, including Defendant's common corporate practice, policy, plan of refusing to pay overtime compensation in violation of the FLSA by: 1) manipulating time records to eliminate all hours an employee actually worked in a workweek in excess of 40 hours; 2) permitting or requiring that certain work be performed "off the clock" without compensation; and 3) the other actions detailed in Count I of this complaint.  Defendant's policy and practice is uniform throughout its retail stores, as evidenced by its training program which includes instruction to store managers to manipulate time records so that work required and performed in excess of 40 hours per week is not accurately recorded and paid in accordance with the requirements of the FLSA.  Defendant's willful, uniform policy and practice of manipulating time records and failing to pay overtime has affected Plaintiffs and similarly situated store managers, acting store managers, store co-managers and sales leaders in the exact same fashion.

146.    Plaintiffs estimate that there are approximately over 1000 members of the

Nationwide Class who have been affected by Defendant's unlawful overtime policies

and practices.  The precise number of individuals who have worked as store managers,

acting store managers, store co-managers and sales leaders at Defendant's retail

stores over the past three years can be easily ascertained by Defendant.  Similarly, the

names and addresses of the putative members of the Nationwide Class are available

from Defendant.

147.    Plaintiffs requests the Court to authorize notice to the Nationwide Class to

inform them of the pendency of this action and their right to "opt in" to this lawsuit

pursuant to 29 U.S.C. §216(b), for the purpose of seeking declaratory relief and an

injunction to prohibit Defendant from engaging in each of the unlawful practices and

policies and patterns set forth herein, and for damages, including unpaid overtime

compensation, liquidated, and compensatory damages and such other legal or

equitable relief  as permitted by applicable law.

**Counts III through VIII: Class Action Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3):**

148.    Plaintiffs bring Counts III through VIII for violations of the wage and hour

law of the State of New Jersey, the wage payment law of the State of New Jersey and

common law pursuant to Fed. R. Civ. P. 23(b)(2), and (b)(3), on behalf of the following

individuals ("New Jersey Class"):

> all persons who were, are, or will be employed by bebe as store
> managers, acting store managers, co-managers and team leaders in the
> State of New Jersey from September 20, 2001 through the date of final
> disposition of this action whom bebe failed to compensate for all hours
> worked, and/or failed to compensate for overtime work performed in
> excess of forty hours per workweek.

149.   Plaintiffs estimate that the New Jersey Class consists of in excess of forty (40)  individuals.

150.   The New Jersey Class is so numerous that joinder of all members is impractical.

151.   There are common questions of law or fact common to the New Jersey Class, including but not limited to:

a) whether bebe has violated and continues to violate the New Jersey Wage and Hour and Wage Payment laws and/or common law as alleged herein;

b) whether bebe has engaged in and continues to engage in a policy, pattern and/or practice of requiring or permitting store managers, acting store managers, store co-managers and sales leaders to perform work "off the clock" without recording the actual time for all work performed, not compensating them for all work performed, and/or not compensating them for overtime work performed in excess of forty hours per workweek in violation of the New Jersey Wage and Hour and Wage Payment laws and/or common law as alleged herein.

152.   The claims of Plaintiffs, Tracy Kronick and Jen Kaczmarski, are typical of the claims of the New Jersey Class.

153.   Plaintiffs, Tracy Kronick and Jen Kaczmarski, will fairly and adequately protect the interests of the New Jersey Class.  Plaintiffs have no interests that are antagonistic to other members of the classes.  Additionally, Plaintiffs have retained counsel who are competent and experienced in the prosecution of employment and complex class action litigation.  Plaintiffs will vigorously prosecute this case on behalf of the class.

154.    Defendant has acted or refused to act on grounds generally applicable to the New Jersey Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

155.    Questions of law or fact common to the members of the New Jersey Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of Counts III through VIII of the Complaint.

156.    Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action with respect to Counts III through VIII.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the respective classes, pray for relief as follows:

a.      An Order granting certification of Count I as a collective action under 29 U.S.C. 216(b) on behalf of the proposed Nationwide Class as defined above;

b.      An Order that Defendant shall file with this Court and furnish to counsel a list of all names and addresses of all store managers, acting store managers, store co-managers and sales leaders who have worked for Defendant in any location within the United States and Puerto Rico from September 20, 2004 through the present, and authorizing Plaintiffs' counsel to issue notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

c.      An Order granting Plaintiffs and the Nationwide Class leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

d.      An Order granting class certification under R. Civ. P. 23(b)(2) and (b)(3) on behalf of the proposed New Jersey Class;

e.      Designation of Plaintiffs Tracy Kronick and Jen Kaczmarski as representatives of the Nationwide Class and the New Jersey Class;

f.      Appointment of Mager & Goldstein LLP and Console Law Offices LLC as class counsel for the Nationwide Class and the New Jersey Class.

g.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.,* 29 C.F.R. 516.2(a)(7*)* and applicable New Jersey statutes and common law alleged herein;

h.      An adjudication that Defendant's violations of the FLSA, the New Jersey statutes and common law were willful;

i.      An injunction against bebe and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, to prohibit each of the unlawful practices, policies, and patterns set forth herein;

j.      An award of damages to the named Plaintiffs, the Nationwide Class and the New Jersey Class, including unpaid wages and overtime compensation liquidated, exemplary damages and punitive damages to be paid by Defendant;

k.      Reasonable attorney's fees and costs incurred by and on behalf of Plaintiffs and the respective classes to be paid by Defendant;

l.      Disgorgement of compensation unjustly retained by Defendant;

m.      An adjudication that Defendant's conduct as set forth above with respect to Plaintiff Tracy Kronick violated the anti-retaliation provisions of the FLSA, the New Jersey  Wage and Hour laws and regulations, the New Jersey Conscientious Protection Act and common law;

n.      An award to Plaintiff Tracy Kronick of actual damages suffered as a result of her unlawful termination, including reinstatement, promotion, payment of lost wages, liquidated damages, compensatory damages, punitive damages and such other legal or equitable relief as the Court deems appropriate to effectuate the purposes of section 2215(a)(3) of the FLSA;

n.      An adjudication that Defendant's conduct in failure to pay Plaintiff Jen Kaczmarski an agreed upon bonus constituted a breach of contract by bebe, for which

bebe is liable to Kaczmarski;

o.    An award to Plaintiff Jen Kaczmarski in the amount of her unpaid bonus.

p.    Pre-judgment and post-judgment interest, as provided by law; and

q.    Such other and further legal and equitable relief as this Court deems necessary,
just and proper.


Dated:  September 20, 2007                    Respectfully submitted,



                              By:     s/  Laura C. Mattiacci
                                      Stephen G. Console (3926)
                                      Laura C. Mattiacci (3082)
                                      1525 Locust Street, 9th Floor
                                      Philadelphia, PA 19102
                                      (856) 854-4000
                                      (856) 854-4006 (fax)
                                      (215) 545-7676 (Philadelphia office)

                                      Carol A. Mager*
                                      Marjory P. Albee*
                                      Andrew L. Mackerer (02900-2005)
                                      Mager & Goldstein LLP
                                      1818 Market Street, Suite 3710
                                      Philadelphia, PA  19103
                                      (215) 640-3280
                                      (215) 640-3281 – fax
                                      (* Motion for Admission Pro Hac Vice pending)

                                      Attorneys for Plaintiffs,
                                      Tracy Kronick and Jen Kaczmarski