(Not for Publication) (Docket No. 26)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| TRACY KRONICK and JEN KACZMARSKI, on behalf of themselves and those similarly situated | : : : : : : | |
| Plaintiffs, v. | : : : | Civil No. 07-4514 (RBK) **OPINION** |
| bebe Stores, Inc., | : : | |
| Defendant. | : : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon a motion by Plaintiffs Tracy Kronick and Jen Kaczmarski ("Plaintiffs") to proceed as a collective action, for approval of notice pursuant to the Fair Labor Standards Act ("FLSA") in their suit against Defendant bebe Stores, Inc. ("Defendant"), and to order Defendant to produce an employee list.  For the reasons set forth below, this Court will deny the motion.

**I.      BACKGROUND**

According to the Complaint, Plaintiff Kronick worked for Defendant as a store manager for approximately four months in 2007 at Defendant's retail store located in Cherry Hill, New Jersey.  Also according to the Complaint, Plaintiff Kaczmarski worked for Defendant as a store co-manager and acting store manager for approximately eight months in 2006 and 2007 at

Defendant's retail stores at the Pier at Caesars, Atlantic City, New Jersey and in Cherry Hill, New Jersey. Plaintiffs allege that various employees of Defendant trained Plaintiffs to shave time from employee time records to bring each employee's time down to 40 hours of compensable work per week, in most cases regardless of hours actually worked. Plaintiffs allege that they too were required or permitted to work in excess of 40 hours per week but were not compensated for that overtime pursuant to Defendant's policy of shaving time.

Plaintiffs allege that as a result of the manipulation of employee time records, Plaintiffs were deprived of pay due as well as accrued vacation time.

On September 20, 2007, Plaintiffs brought an action alleging violations of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), the New Jersey Wage Payment Law ("NJWPL"), the New Jersey Conscientious Employee Protection Act ("CEPA"), and New Jersey common law. On March 4, 2008, Plaintiffs filed a motion to proceed on their FLSA claims as a collective action.

## II.   ANALYSIS

### A.   Standard

Plaintiffs have moved for this Court to allow them to proceed as a collective action, for approval of notice pursuant to the FLSA, and to order Defendant to produce an employee list. The FLSA allows an action to be brought

> by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

The term "similarly situated" is not defined in the FLSA, and in the absence of guidance

from the Supreme Court and Third Circuit, district courts have developed a test consisting of two stages of analysis.  Morisky v. Pub. Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 496 (D.N.J. 2000).  During the initial notice phase, courts make a preliminary inquiry into whether the plaintiff's proposed class is one of similarly situated members.  Armstrong v. Weichert Realtors, No. 05-3120, 2006 WL 1455781, at *2 (D.N.J. May 19, 2006) (citing Moeck v. Gray Supply Corp., No. 03-1950, 2006 U.S. Dist. LEXIS 511, at *11-*13 (D.N.J. Jan. 5, 2006); Morisky, 111 F. Supp. 2d at 497).  If the court is satisfied, the result is conditional certification of a class for the purpose of notice and discovery.  In the second stage, after more evidence is available, the court makes a final determination as to whether the plaintiff is similarly situated to the rest of the class.  Id.

  As the Third Circuit has not decided the applicable standard for determining whether potential class members are similarly situated, two standards have emerged among the district courts in the Third Circuit.  Some courts have permitted preliminary certification and notice based on a plaintiff's "substantial allegation" that he and the rest of the proposed class members suffered from a single employer policy.  Goldman v. RadioShack Corp., No. 03-CV-0032, 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003); Felix de Asencio v. Tyson Foods, Inc., 130 F. Supp. 660, 663 (E.D. Pa. 2001);  Sperling v. Hoffman-La Roche, 118 F.R.D. 392, 407 (D.N.J. 1988).  Other courts, including this one, have applied a more stringent but still lenient test requiring a modest factual showing of the same.  Dreyer v. Altchem Envtl. Servs., Inc., No. 06-2393, 2006 WL 3676013 (D.N.J. Dec. 12, 2006) (Kugler, J.); Aquilino v. Home Depot, Inc., No. 04-4100, 2006 WL 2583563, at *1 (D.N.J. Sept. 7, 2006); Armstrong, 2006 WL 1455781, at *1; Smith v. Sovereign Bancorp, Inc., No. Civ. A. 03-2420, 2003 WL 22701017 (E.D. Pa. 2003); see

also Dybach v. Fla. Dep't Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991). The court in Aquilino articulated this evidentiary standard as requiring a plaintiff to show "a factual nexus between their situation and the situation of other current and former [employees] sufficient to determine that they are 'similarly situated.'" Aquilino, 2006 WL 2583563, at *1 (citation omitted).

Courts have increasingly adopted the more rigorous standard, often citing the persuasive reasoning of Smith:

> [The substantial allegations standard] is at best, an inefficient and overbroad application of the opt-in system, and at worst it places a substantial and expensive burden on a defendant to provide names and addresses of thousands of employees who would clearly be established as outside the class if the plaintiff were to conduct even minimal class-related discovery. More importantly, automatic preliminary class certification is at odds with the Supreme Court's recommendation to "ascertain the contours of the [§ 216] action at the outset."

Accordingly, this Court will follow its own precedent, Dreyer, 2006 WL 3676013, at *2, and the trend within the Circuit in requiring "some modest evidence, beyond pure speculation, that [the employer's] alleged policy affected other employees." Smith, 2003 WL 22701017, at *3 (internal quotation marks omitted).

### B.  Plaintiff's Motion to Proceed as a Collective Action

Plaintiffs submitted three affidavits in support of their motion, two by Plaintiffs themselves and one by a former store manager for Defendant, but Plaintiffs failed to offer sufficient evidence of a factual nexus between the Plaintiffs' circumstances and the proposed class of all other current and former of Defendant's employees who worked overtime. In spite of the modest evidentiary standard applicable at this stage, courts have not hesitated to deny conditional certification when evidence is lacking. In Armstrong, for instance, the court denied preliminary certification where the supporting declaration made vague, general statements about

other employees but failed to define those to whom the affiant referred and how he had knowledge of them. Armstrong, 2006 WL 1455781, at *1; see also Villanueva-Bazaldua v. TruGreen Ltd. Partners, 479 F. Supp. 2d 411, 416 (D. Del. 2007) (denying preliminary certification where only evidence was "terse" declaration attesting to other employees' statements regarding their pay). Compare Harris v. Healthcare Servs. Group, Inc., No. 06-2903, 2007 WL 2221411 (E.D. Pa. July 31, 2007) (granting preliminary certification based on four employee affidavits and two attorney affidavits that detailed pay history of five other employees, including references to specific complaints to employer and its responses). In Armstrong, when determining whether to certify the collective action at the notice stage, the court noted that "[t]o make a meaningful decision about whether certain people are similarly situated, this Court must have, as a factual foundation, information about who is in the potential class and the basis for inferring that the potential members are similarly situated. Armstrong, 2006 U.S. Dist. LEXIS at *3-*4. The court found that plaintiff's one-page declaration was insufficient evidence for it to certify the collective action, despite the lenient threshold imposed at the notice stage.

   Each Plaintiff affiant states that she was trained to shave employees' time and that she was not properly compensated for overtime worked. The additional affiant does not state that she was trained to shave time. Plaintiff affiants both state that they "learn[ed] that the operations of the bebe retail stores, and the manner in which wages and compensation of store managers, acting store managers, store co-managers and sales leaders were handled, [were] substantially similar at [Defendant's] retail locations." However, neither Plaintiff explains how she learned this information. Such general and vague assertions might be tenable if Plaintiff affiants had presented more detailed factual evidence to bolster their assertions. See Steele v. Depuy

Orthopaedics, Inc., 295 F. Supp. 2d 439, 446 (D.N.J. 2003) (Kugler, J.) (discounting affidavit that contained only "unsubstantiated conclusory statements").  Plaintiff affiant Kronick's affidavit states that she observed other employees shaving time and that a district manager employed by Defendant was aware of Defendant's failure to pay overtime.  Plaintiff affiants both assert that they were "aware" of a "common practice" of Defendant not paying employees for overtime worked.  Although Plaintiffs do supply more than one affidavit, as well as some assertions as to whether Plaintiffs are similarly situated to the class they seek to represent, all three affidavits are so bereft of detail that they hardly address the critical issues required.

      Aside from Plaintiff Kronick's partly-illustrative statement, Plaintiffs do not make even a modest showing of evidence, beyond pure speculation, that Defendant's alleged policies were applicable to other employees.   Plaintiffs assert generalized assumptions and effectively assume a similar situation for themselves and the prospective class.  Plaintiffs and the additional affiant fail to indicate the basis for their beliefs that Defendant paid all its employees the same way.  Although Plaintiffs assert in their brief in support of their motion that Defendant's retail locations are standardized, neither the Plaintiffs nor the additional affiant point to a generally applicable policy relevant to the issues in this case that would create the factual nexus required between Plaintiffs and the prospective class.  Plaintiffs do not make enough of a showing to convince the Court that Plaintiffs are similarly situated to their prospective class such that notice to the class should proceed.  Accordingly, the Court will deny Plaintiffs' motion to proceed as a collective action, and therefore need not consider Plaintiffs' request for this Court's approval of notice nor Plaintiffs' request for an order that Defendant produce a list of employees.

### III.  CONCLUSION

Based on the foregoing, the Court will deny Plaintiff's motion to proceed as a collective action and for approval of notice and will not order Defendant to produce a list of employees. An accompanying Order shall issue today.

Dated:    10-2-08                                           /s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge